**Brian D. Chenoweth, OSB No. 944991**
brianc@northwestlaw.com
CHENOWETH LAW GROUP PC
510 SW 5th Ave., 5th Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182

    Attorneys for Plaintiff Rhonda R. Armstrong

**Robert E.L. Bonaparte, OSB No. 88341**
bob@bb-law.net
SHENKER & BONAPARTE, LLP
1500 SW 1st Avenue, Suite 765
Portland, OR 97201
Telephone: (503) 242-0008
Facsimile: (503) 323-7360

    Attorneys for Plaintiffs Brett M. Armstrong and Kelly R. Fischer

**Charles W. Carnese, OSB No. 690290**
carneselaw@gmail.com
BRINDLE MCCASLIN & LEE PC
101 SW Main Street, Suite 950
Portland, OR 97204
Telephone: (503) 224-4825
Facsimile: (503) 228-7924

    Attorneys for Plaintiff Katherine Schiele

///

///

///

///

///

///

Page 1 – COMPLAINT

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| RHONDA R. ARMSTRONG, an Oregon resident; BRETT ARMSTRONG, an Oregon Resident; KELLY R. FISCHER, an Oregon resident; and KATHERINE M. SCHIELE, a California resident;<br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 3:13-CV-00851<br><br>**COMPLAINT**<br>**(Negligence Per Se, Negligence, Breach of Contract, Promissory Estoppel, Attorney Fees)**<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

This is an action for damages arising out of the conduct of Defendant Protective Life Insurance Company ("Protective") that caused Plaintiffs to lose the benefits of a $2,000,000 life insurance policy they otherwise would have received. The policy was issued to Robert Armstrong. Each Plaintiff was a named beneficiary. Plaintiffs allege claims for negligence per se, negligence, breach of contract, and promissory estoppel against Protective.

### I. PARTIES

1.   Plaintiff Rhonda Armstrong is a resident of Oregon and the ex-wife of deceased policyholder Robert Armstrong.

2.   Plaintiffs Kelly Fischer and Brett Armstrong are residents of Oregon and the children of Robert and Rhonda Armstrong.

3.   Plaintiff Katherine Schiele is a resident of California and the former domestic partner and fiancé of Robert Armstrong.

4. At all material times Defendant Protective Life Insurance Company ("Protective") was a Tennessee corporation with its principal place of business in Birmingham, Alabama.

## II. JURISDICTION

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the claims arose in the District of Oregon.

## III. FACTS COMMON TO ALL CLAIMS

7. In 1999, Federal Kemper Life Assurance Company ("Kemper"), an affiliate of Zurich Life Insurance Company of America ("Zurich"; together with Kemper, "Predecessors"), issued a life insurance policy on the life of Robert Armstrong with policy number FK2660533 and a death benefit of $2,000,000 (the "Policy").

8. The Policy was issued for valuable consideration in the form of policy premiums, which were paid by or on behalf of Robert Armstrong through approximately January 17, 2009.

9. In 2007, Protective purchased and merged with its Predecessors through a series of acquisitions, mergers, and name changes.

10. Protective and its Predecessors insured the life of Robert Armstrong pursuant to the Policy and agreed to pay $2,000,000 to the beneficiaries designated by Robert Armstrong in the event of his death.

11. In June 2004, Robert Armstrong and Plaintiff Rhonda Armstrong divorced. The divorce was documented in a *Stipulated Judgment of Dissolution of Marriage and Money Judgment* ("Judgment").

12. The Judgment required Robert Armstrong to: (a) maintain the Policy at all material times; (b) direct Predecessors to notify Plaintiff Rhonda Armstrong if any premiums were not paid; (c) provide a certified copy of the Judgment to Predecessors in accordance with ORS 107.820(6); and (d) instruct Predecessors to update its records to comply with the terms of the life insurance provisions of the Judgment. The Judgment gave Plaintiff Rhonda Armstrong the right to pay the Policy premiums if Robert Armstrong failed to pay them.

13. One of the purposes of the life insurance provisions of the Judgment was to create security for Robert Armstrong's child and spousal support obligations if he were to die before they were fully performed.

14. On or about June 8, 2004, Plaintiff Rhonda Armstrong's attorney delivered to Zurich a letter enclosing a true copy of the Judgment and referencing the Policy. The letter asks Predecessors to comply with the Judgment and enter the terms and provisions of the Judgment into the records of the company. A true copy of the letter from Protective's files is attached as Exhibit 1, which also includes a true copy of the Judgment that was enclosed with the letter.

15. On or about August 9, 2008, while the Policy was in effect, Robert Armstrong faxed a letter to Protective. The letter identifies the Policy and references Robert Armstrong's divorce decree with Plaintiff Rhonda Armstrong. The letter directs the insurer to notify Plaintiff Rhonda Armstrong "if the [P]olicy is ever cancelled" and "to allow [her] access to the status of [his] payment history[.]" The letter also asked Protective to

///

///

contact Robert Armstrong if the letter was insufficient to accomplish its purposes. A true copy of the letter from Protective's files is attached as Exhibit 2.

16.   On or about August 11, 2008, Protective delivered a letter to Robert Armstrong acknowledging his requests for Plaintiff Rhonda Armstrong to receive information regarding the Policy. The letter does not say Robert Armstrong's August 9, 2008 letter was insufficient to accomplish any of its purposes. A true copy of Protective's August 11, 2008 letter from Protective's files is attached as Exhibit 3.

17.   In or around January 2009, Robert Armstrong communicated with Protective and/or took action to cease payment of premiums on the Policy and to cause the Policy to be cancelled.

18.   As of January 2009, each Plaintiff was a named beneficiary of the Policy, entitling each of them to 25% of the policy proceeds ($500,000 each) on the death of Robert Armstrong.

19.   On or about March 23, 2009, Protective notified Robert Armstrong that it had cancelled the Policy for nonpayment of premiums.

20.   Protective failed to notify Plaintiffs of any nonpayment of a premium, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

21.   If Plaintiffs had received timely notice, they would have arranged for payment of the premiums necessary to preserve and maintain the Policy and keep it in effect.

22.   On or about January 10, 2012, Robert Armstrong died.

23.   Robert Armstrong's death falls within the coverage of the Policy.

24. Pursuant to the Policy, Plaintiffs requested payment of life insurance benefits from Protective.

25. Protective has refused to pay any benefits to Plaintiffs.

## IV. CLAIMS OF RHONDA ARMSTRONG

### RHONDA ARMSTRONG'S FIRST CLAIM FOR RELIEF
### (Negligence Per Se)

26. Plaintiff Rhonda Armstrong incorporates the allegations in paragraphs 1-25 into this claim and further alleges:

27. Pursuant to ORS 107.820(6), Protective had a legal, statutory duty to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

28. Protective failed to perform its duty.

29. Rhonda Armstrong is a member of the class of persons meant to be protected by ORS 107.820.

30. As a result of Protective's failure to perform its duty alleged above, Protective has deprived Rhonda Armstrong of the $500,000 in life insurance benefits she otherwise would have received.

31. The cancellation of the Policy without timely notice to Rhonda Armstrong and/or Protective's denial of life insurance benefits to Rhonda Armstrong are among the types of harms that ORS 107.820 was enacted to prevent, as evidenced in part by ORS 107.820, ORS 107.106, and other public policies of the State of Oregon.

32. Rhonda Armstrong did not learn of the Policy's cancellation until approximately January 2012.

33. Rhonda Armstrong is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant or ORS 82.010(1).

### RHONDA ARMSTRONG'S SECOND CLAIM FOR RELIEF
### (Negligence)

34. Plaintiff Rhonda Armstrong incorporates the allegations in paragraphs 1–25 into this claim and further alleges:

35. Protective had a legal duty to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

36. Protective failed to perform its duty.

37. As a result of Protective's failure to perform its duty alleged above, Protective has deprived Rhonda Armstrong of the $500,000 in life insurance benefits she otherwise would have received.

38. Protective's denial of life insurance benefits to Rhonda Armstrong was the foreseeable result of Protective's failure to perform its duty.

39. Rhonda Armstrong did not learn of the Policy's cancellation until approximately January 2012.

40. Rhonda Armstrong is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant or ORS 82.010(1).

### RHONDA ARMSTRONG'S THIRD CLAIM FOR RELIEF
### (Breach of Contract)

41. Plaintiff Rhonda Armstrong incorporates the allegations in paragraphs 1–25 into this claim and further alleges:

42. As a contracting party or intended beneficiary, Rhonda Armstrong was owed a duty by Protective to pay life insurance benefits to her under the policy and/or to notify her of any nonpayment of premium on

the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

43. Protective failed to perform its contractual duty.

44. All conditions precedent to Protective's contractual duty have been satisfied. If any condition precedent was not satisfied, then it was otherwise discharged, such as by estoppel, waiver, prevention, frustration, impossibility, futility, material breach, or repudiation.

45. As a result of Protective's breach of contract, Rhonda Armstrong has been deprived of the $500,000 in life insurance benefits to which she is entitled or otherwise would have received.

46. Rhonda Armstrong is entitled to a total award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

47. At least six months have passed or will pass from the date of proof of loss without settlement of Rhonda Armstrong's claims upon the policy. Rhonda Armstrong is entitled to her reasonable attorney fees pursuant to ORS 742.061.

### RHONDA ARMSTRONG'S FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel)

48. Plaintiff Rhonda Armstrong incorporates the allegations in paragraphs 1-25 into this claim and further alleges:

49. Protective induced Rhonda Armstrong to believe it would notify her of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

50. Rhonda Armstrong relied in good faith on their belief that Protective would notify her, by taking no additional steps to ensure Protective would do so.

51. Protective could have foreseen its conduct would induce Rhonda Armstrong's reliance.

52. As a result of Rhonda Armstrong's reliance and Protective's failure to provide notice, Rhonda Armstrong has been deprived of the life insurance benefits she otherwise would have maintained and received. Rhonda Armstrong would have received total life insurance benefits of $500,000.

53. Rhonda Armstrong is entitled to a total award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

## V. CLAIMS OF BRETT ARMSTRONG AND KELLY FISCHER

### BRETT ARMSTRONG'S AND KELLY FISCHER'S FIRST CLAIM FOR RELIEF
### (Negligence Per Se)

54. Plaintiffs Brett Armstrong and Kelly Fischer incorporate and re-allege the allegations in paragraphs 1–25.

55. Pursuant to ORS 107.820(6), Protective had a legal, statutory duty to notify Rhonda Armstrong, Brett Armstrong and Kelly Fischer of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

56. Protective failed to perform its duty.

57. Rhonda Armstrong, Brett Armstrong and Kelly Fischer are members of the class of persons meant to be protected by ORS 107.820.

**Page 9 – COMPLAINT**

58.     As a result of Protective's failure to perform its duty alleged above, Protective has deprived Brett Armstrong and Kelly Fischer of the $500,000 in life insurance benefits each otherwise would have received.

59.     The cancellation of the Policy without timely notice to Rhonda Armstrong, Brett Armstrong, and Kelly Fischer and/or Protective's denial of life insurance benefits to Rhonda Armstrong, Brett Armstrong, and Kelly Fischer are among the types of harms that ORS 107.820 was enacted to prevent, as evidenced in part by ORS 107.820, ORS 107.106, and other public policies of the State of Oregon.

60.     Rhonda Armstrong, Brett Armstrong and Kelly Fischer did not learn of the Policy's cancellation until approximately January 2012.

61.     Brett Armstrong and Kelly Fischer each is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

### BRETT ARMSTRONG'S AND KELLY FISCHER'S SECOND CLAIM FOR RELIEF
### (Negligence)

62.     Plaintiffs Brett Armstrong and Kelly Fischer incorporate and re-allege the allegations in paragraphs 1–25.

63.     Protective had a legal duty to notify Rhonda Armstrong, Brett Armstrong and Kelly Fischer of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

64.     Protective failed to perform its duty.

65.     As a result of Protective's failure to perform its duty alleged above, Protective has deprived Brett Armstrong and Kelly Fischer of the $500,000 in life insurance benefits each otherwise would have received.

66. Protective's denial of life insurance benefits to Brett Armstrong and Kelly Fischer was the foreseeable result of Protective's failure to perform its duty.

67. Brett Armstrong and Kelly Fischer each is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

### BRETT ARMSTRONG'S AND KELLY FISCHER'S THIRD CLAIM FOR RELIEF
### (Breach of Contract—Third Party Beneficiaries)

68. Plaintiffs Brett Armstrong and Kelly Fischer incorporate and re-allege the allegations in paragraphs 1–25.

69. Protective had a contractual duty to pay life insurance benefits to Rhonda Armstrong under the policy and/or to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy. Plaintiffs Brett Armstrong and Kelly Fischer are intended third party beneficiaries of that contract.

70. Protective failed to perform its contractual duty.

71. All conditions precedent to Protective's contractual duty have been satisfied. If any condition precedent was not satisfied, then it was otherwise discharged, such as by estoppel, waiver, prevention, frustration, impossibility, futility, material breach, or repudiation.

72. As a result of Protective's breach of contract, Brett Armstrong and Kelly Fischer each has been deprived of the $500,000 in life insurance benefits to which each is entitled or otherwise would have received.

///

///

73. Brett Armstrong and Kelly Fischer each is entitled to a total award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

74. At least six months have passed or will pass from the date of proof of loss without settlement of the claims upon the policy. Brett Armstrong and Kelly Fischer are entitled to reasonable attorney fees pursuant to ORS 742.061.

## VI.  CLAIMS OF KATHERINE SCHIELE

### KATHERINE SCHIELE'S FIRST CLAIM FOR RELIEF
### (Negligence Per Se)

74. Plaintiff Katherine Schiele incorporates the allegations in paragraphs 1–25 into this claim and further alleges:

75. Pursuant to ORS 107.820(6), Protective had a legal, statutory duty to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

76. Protective failed to perform its duty.

77. Rhonda Armstrong is a member of the class of persons meant to be protected by ORS 107.820.

78. As a result of Protective's failure to perform its duty alleged above, Protective has deprived Plaintiff Schiele of the $500,000 in life insurance benefits she otherwise would have received.

79. The cancellation of the Policy without timely notice to Rhonda Armstrong and/or Protective's denial of payment of policy benefits are among the types of harms that ORS 107.820 was enacted to prevent, as

**Page 12 – COMPLAINT**

evidenced in part by ORS 107.820, ORS 107.106, and other public policies of the State of Oregon.

80. Plaintiff Schiele is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

### KATHERINE SCHIELE'S SECOND CLAIM FOR RELIEF
### (Negligence)

81. Plaintiff Schiele incorporates the allegations in paragraphs 1-25 into this claim and further alleges:

82. Protective had a legal duty to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy, cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy.

83. Protective failed to perform its duty.

84. As a result of Protective's failure to perform its duty alleged above, Protective has deprived Plaintiff Schiele of the $500,000 in life insurance benefits she otherwise would have received.

85. Protective's denial of life insurance benefits to Plaintiff Schiele was the foreseeable result of Protective's failure to perform its duty.

86. Plaintiff Schiele is entitled to an award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

### KATHERINE SCHIELE'S THIRD CLAIM FOR RELIEF
### (Breach of Contract—Third Party Beneficiary)

87. Plaintiff Schiele incorporates and re-alleges the allegations in paragraphs 1-25 into this claim and further alleges:

88. Protective had a contractual duty to pay life insurance benefits to Rhonda Armstrong under the policy and/or to notify Rhonda Armstrong of any nonpayment of premium on the Policy, intent to cancel the Policy,

cancellation of the Policy, or action by Robert Armstrong to change the beneficiary or reduce the benefits of the Policy. Plaintiff Schiele, as a named beneficiary of the policy, is an intended third party beneficiary of that contract.

89. Protective failed to perform its contractual duty.

90. All conditions precedent to Protective's contractual duty have been satisfied. If any condition precedent was not satisfied, then it was otherwise discharged, such as by estoppel, waiver, prevention, frustration, impossibility, futility, material breach, or repudiation.

91. As a result of Protective's breach of contract, Plaintiff Schiele has been deprived of the $500,000 in life insurance benefits to which she is entitled or otherwise would have received.

92. Plaintiff Schiele is entitled to a total award of damages in the amount of $500,000, plus prejudgment interest pursuant to ORS 82.010(1).

### KATHERINE SCHIELE'S FOURTH CLAIM FOR RELIEF
### (Attorney Fees)

93. Plaintiff Schiele incorporates and re-alleges the allegations in her First, Second and Third Claims for Relief into this claim and further alleges:

94. At least six months have passed or will pass from the date of filing of a proof of loss without settlement of the claims against the policy. Pursuant to the provisions of ORS 742.061, Plaintiff Schiele is entitled to her reasonable attorney fees incurred herein in addition to her costs and disbursements.

/ / /
/ / /
/ / /

## VII. PRAYER

**WHEREFORE**, Plaintiffs request the following relief:

(a)  On RHONDA ARMSTRONG'S FIRST, SECOND, and FOURTH CLAIM FOR RELIEF:

> 1. judgment against Protective and a money award in the amount of $500,000 to Rhonda Armstrong;
> 2. prejudgment interest at the legal rate from January 10, 2012;
> 3. costs and disbursements; and
> 4. such other relief as the court deems just and proper.

(b)  On RHONDA ARMSTRONG'S THIRD CLAIM FOR RELIEF:

> 1. judgment against Protective and a money award in the amount of $500,000 to Rhonda Armstrong;
> 2. prejudgment interest at the legal rate from January 10, 2012;
> 3. costs and disbursements;
> 4. reasonable attorney fees pursuant to ORS 742.061; and
> 5. such other relief as the court deems just and proper.

(c)  On BRETT ARMSTRONG'S AND KELLY FISCHER'S FIRST, SECOND, and THIRD CLAIM FOR RELIEF:

> 1. judgment against Protective and a money award in the amount of $500,000 each to Brett Armstrong and Kelly Fischer;
> 2. prejudgment interest at the legal rate from January 10, 2012;
> 3. costs and disbursements;

    4. reasonable attorney fees pursuant to ORS 742.061; and

    5. such other relief as the court deems just and proper.

(d) On KATHERINE M. SCHIELE'S FIRST, SECOND, THIRD and FOURTH CLAIMS FOR RELIEF:

1. For judgment against Protective and a money award in the sum of $500,000;
2. For prejudgment interest on said judgment and money award at the legal rate from January 10, 2012 until paid;
3. For her costs and disbursements, including reasonable attorney fees pursuant to ORS 742.061, incurred herein; and
4. For such other relief as the court deems just and proper.

DATED this 17th day of May 2013.

By   /s/ Brian D. Chenoweth
Brian D. Chenoweth, OSB No. 944991
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
    Attorneys for Plaintiff Rhonda R. Armstrong

By   s/ Robert E. L. Bonaparte
Robert E.L. Bonaparte, OSB No. 883411
Telephone: (503) 242-0005
Facsimile: (503) 323-7360
    Attorneys for Plaintiffs Kelly Fischer and Brett Armstrong

By   s/ Charles W. Carnese
Charles W. Carnese, OSB No. 690290
Telephone: (503) 224-4825
Facsimile: (503) 228-7924
    Attorneys for Plaintiff Katherine Schiele